1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   QASIM SHANE FELLS,                    Case No.  1:17-cv-00615-LJO-MJS

11              Petitioner,                **FINDINGS AND RECOMMENDATION TO
                                           DISMISS PETITION FOR LACK OF
12        v.                               JURISDICTION**

13   UNITED STATES OF AMERICA,             **THIRTY (30) DAY OBJECTION DEADLINE**

14              Respondent.

15

16

17

18        Petitioner is a federal prisoner proceeding pro se with a petition for writ of error

19   coram nobis or, in the alternative, audita querela.

20   **I.      Procedural History**

21        Petitioner is currently in federal custody at the United States Penitentiary, Atwater

22   pursuant to the June 15, 1995 judgment of the U.S. District Court for the Eastern District

23   of North Carolina, convicting Petitioner on the following counts: (1) conspiracy to

24   possess with intent to distribute cocaine base (21 U.S.C. § 846); (2) continuing criminal

25   enterprise (21 U.S.C. § 848); (3) use of a firearm during a drug trafficking crime and

26   aiding and abetting (18 U.S.C. § 924(c)(1) and (2)); and (8-23) sixteen counts of

27   possession with intent to distribute cocaine and aiding and abetting (21 U.S.C.

28

§ 841(a)(1) and (2)). <u>Fells v. Matevousian</u>, No. 1:15-cv-00552-SKO HC, 2016 WL 6875418, at *1 (E.D. Cal. Nov. 22, 2016). On May 7, 1996, the Court sentenced Petitioner to concurrent life terms for the convictions on counts 1 and 2; a consecutive term of 60 months for the conviction on count 3; and a 480-month term on counts 8-23, to be served concurrently with the sentence on counts 1 and 2. <u>Id.</u>

On March 24, 2000, the U.S. Court of Appeals for the Fourth Circuit vacated Petitioner's conspiracy conviction and sentence, but otherwise affirmed the judgement. <u>United States v. Peterson</u>, 210 F.3d 363, 2000 WL 305137 (4th Cir. Mar. 24, 2000). The United States Supreme Court denied review. <u>Fells v. United States</u>, 530 U.S. 1219, 120 S. Ct. 2227, 147 L. Ed. 2d 258 (2000).

In late 2000 and early 2001, Petitioner made various attempts to pursue a petition or motion pursuant to either 28 U.S.C. § 2241 or § 2255 in the Eastern District of Texas (where he then was housed) and the Eastern District of North Carolina. <u>See</u> <u>Fells v. Matevousian</u>, No. 1:15-cv-00552-SKO HC, 2016 WL 6875418, at *1. Eventually, in March or April of 2001, Petitioner filed a motion under 28 U.S.C. § 2255 in the U.S. District Court for the Eastern District of North Carolina. The motion was denied, and his appeal therefrom was dismissed. <u>Id</u>; Petition (ECF No. 1 at 2); <u>see also</u> <u>United States v. Fells</u>, 32 F. App'x 102, 2002 WL 548825 (4th Cir. 2002).

On April 10, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>See</u> <u>Fells v. United States of America</u>, No. 1:15-cv-00552-SKO (E.D. Cal.). The petition raised essentially the same grounds for relief raised herein: that the United States Supreme Court's holdings in <u>Watson v. United States</u>, 552 U.S. 74 (2007), and <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014), invalidated Petitioner's conviction on count 3 (violation of 18 U.S.C. § 924(c)(1) and (2)). (<u>See</u> ECF Nos. 1, 24, in No. 1:15-cv-00552-SKO.) The petition ultimately was dismissed for lack of jurisdiction under § 2241. (<u>Id.</u>)

2

On August 13, 2015, Petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). On August 30, 2016, the motion was granted and his life sentence was reduced to 327 months. See Petition (ECF No. 1 at 2); see also United States v. Fells, No. 16-7202, 2016 WL 7416199, at *1 (4th Cir. Dec. 22, 2016) (affirming grant of sentence reduction and finding no abuse of discretion in decision not to grant larger reduction).

On November 29, 2016, Petitioner filed in the Fourth Circuit an application for a second or successive § 2255 motion. Therein, Petitioner raised a claim of actual innocence and argued that his appellate counsel was ineffective for failing to argue insufficient evidence under Bailey v. United States, 516 U.S. 137 (1995). The application was denied. In re Shane Fells, No. 16-3145 (4th Cir. Dec. 15, 2016).

Petitioner filed the instant petition on April 21, 2017. (ECF No. 1.) He seeks to vacate his convictions and sentence for violations of 18 U.S.C. §§ 924(c)(1) and (2). He claims that he is innocent of the charges, that his convictions resulted from instructional error under Rosemond and Bailey, and that there is insufficient evidence to support the convictions.

**II.     Coram Nobis**

The common law writ of coram nobis is available in criminal cases under the All Writs Act. 28 U.S.C. § 1651(a); Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). The All Writs Act provides that "all courts ... may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the All Writs Act is not itself a source of jurisdiction. Chavez v. Superior Court of California, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (citing Lights of Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 130 F.3d 1369, 1370 (9th Cir. 1997) (per curiam)). A writ of coram nobis can only issue "in aid of the jurisdiction of the court . . . in which the conviction was had." See Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955).

3

To warrant coram nobis relief, a petitioner must establish that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. Matus-Leva, 287 F.3d at 760 (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." Id.

Here, Petitioner's conviction was rendered in the Eastern District of North Carolina. Thus, this Court, as merely the custodial court, does not have jurisdiction to order a writ of coram nobis.

Moreover, Petitioner is not entitled to a writ of coram nobis because Petitioner is in custody, and thus, has the "more usual remedy" of seeking relief under Section 2255. See Ramos v. Ives, No. 2:10-CV-0848 KJN-P, 2011 WL 1261076, at *3 (E.D. Cal. Apr. 4, 2011). Individuals in custody are "consistently" denied coram nobis relief. Matus-Leva, 287 F.3d at 761 (citation omitted); United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram nobis is not available, since [petitioner] is still in custody."). That Petitioner may be precluded from seeking § 2255 relief is insufficient to establish that "a more usual remedy" is not available. See e.g., Matus-Leva, 287 F.3d at 761 (holding that a petitioner in custody could not resort to coram nobis simply because his § 2255 motion was time-barred under AEDPA).

Accordingly, Petitioner is not entitled to a writ of coram nobis pursuant to Section 1651.

### III.    Audita Querela

"Audita querela, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007) (citation omitted). The

writ of audita querela is available to "fill the interstices of the federal postconviction remedial framework." U.S. v. Valdez Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)) (internal quotations omitted). However, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks [contained in AEDPA] by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. at 1080. (citations omitted). Thus, "[a] writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." Carrington, 503 F.3d at 890 (citing Valdez Pacheco 237 F.3d at 1080). Moreover, "statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." Id.

Petitioner contends that he was convicted of aiding and abetting in the use of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(1) and (2)). Since Petitioner's conviction, the United States Supreme Court has held that (1) possessing a firearm kept near the scene of drug trafficking does not amount to "use" within the meaning of the statute, Bailey, 516 U.S. at 145; (2) a person who trades his drugs for a gun does not "use" the firearm during the drug trafficking crime, Watson, 552 U.S. at 83; and (3) a conviction for aiding and abetting under § 924(c) requires that the defendant have advanced knowledge that a firearm will be used in the drug trafficking crime, Rosemond, 134 S.Ct. at 1249-50. Petitioner contends that under these rulings, he is innocent of the offense and the jury was erroneously instructed.

This claim falls squarely within the purview of § 2255. In general, a motion under § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). Here, Petitioner has filed an unsuccessful § 2255 motion in the Eastern District of North Carolina, and unsuccessfully sought permission to file a second or successive § 2255 motion in the Fourth Circuit. See United States v. Fells, 2002 WL 548825.

The "escape hatch" of § 2255 permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam) (quoting § 2255). The escape hatch is available when a petitioner "makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citations omitted). Petitioner filed such a § 2241 petition, and it was dismissed on the ground that the petition did not set forth a proper claim of actual innocence. Fells v. Matevousian, 2016 WL 6875418. Indeed, the claim raised by Petitioner – that a later Supreme Court holding rendered the jury instructions in his case erroneous – has expressly been found insufficient, when standing alone, to support a claim of actual innocence. Stephens, 464 F.3d at 898-99.

Petitioner now attempts to bring this claim in a petition for a writ of audita querela. However, the writ is not available because the claims raised would be cognizable in a § 2255 motion. Carrington, 503 F.3d at 890 (citing Valdez Pacheco 237 F.3d at 1080). The Court acknowledges that Petitioner may be foreclosed under AEDPA from bringing these claims in a § 2255 motion absent permission from the Fourth Circuit under § 2244(b)(3)(A). However, this statutory limitation does not vest the Court with jurisdiction to issue a writ of audita querela in these circumstances. Valdez Pacheco 237 F.3d at 1080.

**IV. Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a

6

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 30, 2017                    /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE